UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

-------------------------------------------------------x

JOSEPH HENRY,                                :
an individual,                               :            CASE NO.:
                                             :
              Plaintiff,                     :            Judge:
vs.                                          :
                                             :            Magistrate:
PIG FEET, L.L.C.                             :
                                             :
                                             :
              Defendant.                     :
-------------------------------------------------------x

## **COMPLAINT**

Plaintiff, JOSEPH HENRY, by and through his undersigned counsel, hereby files this Complaint and sues PIG FEET, L.L.C. (hereinafter referred to as "DEFENDANT"), for damages, declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and declaratory and injunctive relief, damages, attorneys' fees, and costs the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq*., (hereafter "LCHR"); and alleges the following:

## **JURISDICTION AND PARTIES**

1.     This is an action for relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq*., (hereafter "LCHR").

2.     This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, JOSEPH HENRY, (hereinafter referred to as "MR. JOSEPH HENRY"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. JOSEPH HENRY resides in Orleans Parish, Louisiana.

6. MR. JOSEPH HENRY is a qualified individual with a disability under the ADA and the LCHR. MR. JOSEPH HENRY has paraplegia because of a spinal cord injury.

7. Due to his disability, MR. JOSEPH HENRY is substantially impaired in several major life activities including walking and standing and requires a wheelchair to ambulate.

8. Upon information and belief PIG FEET, L.L.C. is a Louisiana corporation doing business in Orleans Parish, Louisiana. Upon information and belief, PIG FEET, L.L.C. is the owner of the real properties and improvements which are the subject of this action, to wit: 2013 S. Claiborne Avenue/2004 S. Derbigny Street, New Orleans, LA 70125 (hereinafter referred to as "the Property").

9. The business at the Property is a shopping center.

10. DEFENDANT is obligated to comply with the ADA and the LCHR.

11. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. JOSEPH HENRY realleges and reavers the above Paragraphs as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located

at: 3411 S Carrollton-8013 Olive Street, New Orleans, LA.

14. MR. JOSEPH HENRY lives less than three (3) miles from the Property.

15. MR. JOSEPH HENRY has visited the Property previously and plans to visit the Property again in the future.

16. Upon information and belief, MR. JOSEPH HENRY's most recent visit to the Property prior to filing this original Complaint was on April 11, 2026.

17. During his visit, MR. JOSEPH HENRY encountered architectural barriers while attempting to navigate the Property with his wheelchair.

18. MR. JOSEPH HENRY has personally observed and is aware of mobility-related barriers at the Property, as discussed below in Paragraph 22.

19. MR. JOSEPH HENRY plans on returning to the Property but fears that he will encounter the same barriers to access which are the subject of this action.

20. The barriers discussed below in Paragraph 22 are excluding MR. JOSEPH HENRY from programs, services, and activities offered at the Property.

21. The barriers discussed below in Paragraph 22 are excluding MR. JOSEPH HENRY from the equal opportunity to participate in, or benefit from the programs, services, and activities which are offered to the general public at the Property.

22. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. JOSEPH HENRY due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A. The designated-accessible parking space at the Eastern end of the Property lacks vertical signage;

B. The access aisle that serves the designated-accessible parking space at the Eastern end of the Property is not flat and contains an impermissible built-up curb ramp;

C. The designated-accessible parking space at the Western end of the Property lacks an access aisle;

D. The designated-accessible parking space at the Western end of the Property lacks vertical signage;

E. The curb ramp at the Western end of the Property contains an impermissible change in level where the curb ramp meets the parking lot;

F. The accessible route from the Western curb ramp to the tenant spaces contains impermissible gaps/changes in level;

G. The accessible route between the tenant spaces is blocked by an ice machine;

H. The accessible route between the tenant spaces contains an impermissible cross-slope; and

I. Other mobility-related ADA barriers to be identified following a complete inspection.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. JOSEPH HENRY with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. MR. JOSEPH HENRY has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. JOSEPH HENRY is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

27. MR. JOSEPH HENRY repeats and realleges all preceding paragraphs in support of this claim.

28. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

29. At all times relevant to this action, MR. JOSEPH HENRY has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

30. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

31. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

32. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

33. DEFENDANT discriminated against MR. JOSEPH HENRY, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to the architectural barriers discussed above.

34. MR. JOSEPH HENRY deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein.

35. MR. JOSEPH HENRY is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## **PRAYER FOR RELIEF**

WHEREFORE, MR. JOSEPH HENRY demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A.    That this Court declare that the Property owned and/or operated, by DEFENDANT,

is in violation of the ADA and the LCHR;

B.    That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.    That this Court award damages to MR. JOSEPH HENRY pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JOSEPH HENRY pursuant to the ADA and the LCHR; and

E.    That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**THE BIZER LAW FIRM, L.L.C.**
*Attorney for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
3319 St. Claude Ave.
New Orleans, LA 70117
504-619-9999
andrew@bizerlaw.com